UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS LOCAL 1 CONNECTICUT HEALTH FUND; TRUSTEES OF THE BRICKLAYERS AND TROWEL TRADES INTERNATIONAL PENSION FUND; TRUSTEES OF THE INTERNATIONAL MASONRY INSTITUTE; TRUSTEES OF THE LABOR MANAGEMENT COOPERATION TRUST FUND and THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, LOCAL 1 | Civil Action No.<br><br>October 6, 2017 |
| PLAINTIFFS, | |
| v. | |
| ASHLAR CONSTRUCTION LLC | |
| DEFENDANT. | |

### COMPLAINT
### (FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT; AND TO COLLECT CONTRIBUTIONS DUE TO PLAINTIFF FUNDS)

1.   Plaintiffs, Trustees of the Bricklayers Local 1 Connecticut Health Fund; Trustees of the Bricklayers and Trowel Trades International Pension Fund; Trustees of the International Masonry Institute; Trustees of the Labor Management Cooperation Trust Fund (hereinafter the "Funds"), are the Trustees of a multi-employer employee benefit plan as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, (hereinafter "ERISA"), 29 U.S.C. Sections 1002(3) and (37). The Funds are established and maintained by a Restated Agreement and Declaration of Trust and by a Collective Bargaining Agreement between the

International Union of Bricklayers and Allied Craftworkers, Local 1 and Ashlar Construction LLC (hereinafter "Ashlar"). The Funds are administered at Insurance Programmers, Inc., 10 Technology Drive, P.O. Box 5817, Wallingford, Connecticut, 06492 and 620 F Street, NW, Washington D.C., 20004.

2. The International Union of Bricklayers and Allied Craftworkers, Local 1 (hereinafter "Union") is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. Section 152(5).

3. Ashlar is a limited liability company registered in the state of Connecticut with a business address of 120 Commerce Court, Cheshire, CT, 06410.

4. Ashlar transacted business as a contractor or subcontractor in the construction industry and at all times herein was an "employer in an industry affecting commerce" as defined in Sections 501(1), (3), and 2(2) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. Sections 142(1), (3), and 152(2); Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. Sections 1002(5), (9), (11), (12) and (14); and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. Section 1001(a).

## JURISDICTION

5. This Court has jurisdiction of this action under Sections 502 and 515 of ERISA, 29 U.S.C. Sections 1132 and 1145, and under Section 301 of the LMRA, 29 U.S.C. Section 185(a). This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in

an industry affecting commerce, and an action to collect contributions due to an employee benefit plan under the terms of the Collective Bargaining Agreement.

## COUNT I

6. Ashlar entered into a Collective Bargaining Agreement with the Union, establishing the terms and conditions of employment for Bricklayers employed by Ashlar.

7. Pursuant to the Collective Bargaining Agreement, Ashlar is required to pay the Funds certain sums of money for each hour worked by employees of Ashlar covered by the Collective Bargaining Agreement.

8. Ashlar employed certain employees covered under the Collective Bargaining Agreement throughout the relevant period of June 2016 through August 2017.

9. Ashlar has breached the provisions of the Collective Bargaining Agreement by failing to provide remittance reports for the months of April 2017 through August 2017 and by underpaying and/or failing to pay contributions that are owed to the Funds based upon the hours worked by its employees for the periods of June 2016 through August 2017.

10. Ashlar has also breached the Collective Bargaining Agreement by failing to pay the International Funds liquidated damages and interest in connection with contributions that were paid untimely for performed work during November 2016, December 2016 and January 2017.

11. Pursuant to the Terms of the Collective Bargaining Agreement, the Fund's Trust Agreements and 29 U.S.C. 1132(g)(2), Ashlar is liable to the Plaintiffs for the unpaid contributions and an amount equal to the greater of (a) double interest on the unpaid contributions, or (b) interest plus liquidated damages provided for under the Trust Agreements, plus auditor fees, attorney fees, and court costs incurred by the Funds.

12. Ashlar owes the Plaintiff Funds an *estimated* amount of *at least* **$216,820.85** laid out as follows:

To the Plaintiff Bricklayers and Trowel Trades International Pension Fund and the International Masonry Institute:

- **$2,888.59** in liquidated damages for late payment of November 2016, December 2016, and January 2017.

- **$78.58** in contributions, interest and liquidated damages for work performed in August 2016.

- An *estimated* **$172,144.61** in contributions, interest and liquidated damages for work performed during the time period of April 2017 through August 2017.

- **$27,657.57** disclosed as due in contributions, interest, liquidated damages and audit fees in connection with audit of the payroll period of June 2016 through March 2017.

To the Plaintiff Bricklayers Local 1 Connecticut Health Fund, the Labor Management Cooperation Trust Fund, and the International Union of Bricklayers and Allied Craftworkers, Local 1:

- **$1,516.30** disclosed as due in contributions in connection with the audit of the payroll period of June 2016 through March 2017.

- Defendant Ashlar has failed to submit remittance reports to the Funds for the months of April 2017 through August 2017, therefore the total amount due for these months is unknown. However, it is *estimated* that Ashlar owes **$2,507.04** per month to the Funds for a grand total of **$12,535.20** for work performed during the time period of April 2017 through August 2017. Discovery may prove that the actual dollar amount owed to the Funds to be more or less than the aforementioned estimated figures.

- Interest at a rate of 12% per annum and liquidated damages of 20% in connection with all contributions owed to the Funds that are subject to this Complaint.

13.   The amount claimed as due is expected to increase when Judgment is entered as Ashlar continues to employ Bricklayers.

**WHEREFORE, Plaintiff Funds pray:**

   A. Ordering Ashlar to submit the monthly reports and any unpaid contributions for the months of April 2017 through the present to the Plaintiff Funds.

   B. Ordering that Ashlar be required to pay double interest or interest plus liquidated damages on the amount due accrued from the date of the

    delinquency until the date of payments for contributions owed from April 2017 through the present to the Plaintiff Funds.

C. Ordering Ashlar submit payment for all contribution amounts disclosed as due during the audit of the payroll period of June 2016 through March 2017 to the Plaintiff Funds.

D. Ordering Ashlar be required to pay double interest or interest plus liquidated damages on the amount due accrued from the date of the delinquency until the date of payments for contributions owed in connection with the audit of the payroll period of June 2016 through March 2017 to the Plaintiff Funds.

E. Ordering Ashlar be required to submit payment for **$2,888.59** in liquidated damages for late payment of November 2016, December 2016, and January 2017 and **$78.58** in contributions, interest and liquidated damages for work performed in August 2016 to the International Funds.

F. Ordering Ashlar to submit monthly reports and any unpaid contributions that become due during the pendency of the Complaint until the issuance of a Judgment.

G. Ordering Ashlar to submit payments for contributions discovered as due, through their monthly reporting or otherwise, during the pendency of the Complaint until the issuance of a Judgment.

H. Ordering that Ashlar be required to pay double interest or interest plus liquidated damages on the amount due accrued from the date of the delinquency until the date of payments for any contributions that become due or are discovered during the pendency of the Complaint until the issuance of a Judgment.

I. That Ashlar be ordered to pay the reasonable attorney fees and costs incurred by the Plaintiffs in connection with this Litigation.

**DATED** at East Hartford, Connecticut, this 6th day of October 2017.

FOR THE PLAINTIFFS,

/s/ Brendan Hughes
Brendan L. Hughes (ct29675)
ROBERT M. CHEVERIE &
ASSOCIATES, P.C.
333 East River Drive, Suite 101
East Hartford, CT 06108-4203
Tele.: (860) 290-9610
Fax: (860) 290-9611
E-mail: bhughes@cheverielaw.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132(h), this 6th day of October 2017, on the following:

Secretary of the Treasury
INTERNAL REVENUE SERVICE
P.O. Box 13163
Baltimore, MD  21203
**Attn:  Employee Plans**

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, D.C.  20210
**Attn:  Assistant Solicitor for Plan
          Benefits Security**

/s/ Brendan Hughes
Brendan L. Hughes (ct29675)
ROBERT M. CHEVERIE &
ASSOCIATES, P.C.
333 East River Drive, Suite 101
East Hartford, CT 06108-4203
Tele.: (860) 290-9610
Fax: (860) 290-9611
E-mail: bhughes@cheverielaw.com